THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>ERICA VIETZKE LANKFORD a/k/a ERICA VIETZKE and M.A.L., a minor,<br><br>Interpleader Defendants. | CASE NO. C25-1751-JCC<br><br>ORDER |

This matter comes before the Court on Protective Life Insurance Company's unopposed motions to appoint a guardian *ad litem* ("GAL") and for leave to deposit death benefits (Dkt. Nos. 6, 7). Each motion is GRANTED as further described below.

According to the pleadings, Protective issued a $500,000 policy (No. DX0100352) on the life of John Lankford. (Dkt. No. 1 at 2.) At the time, the insured had designated Erica Vietzke as primary beneficiary and M.A.L. as a contingent beneficiary. (*Id.*) But a beneficiary change was later submitted via the insured's online account, designating Ms. Vietzke as primary beneficiary, in her capacity as M.A.L.'s custodian. (*Id.*) Mr. Lankford subsequently died. (*Id.* at 2.) Ms. Vietzke then initiated a claim on the policy but in her individual capacity, indicating the following: that she and Mr. Lankford were currently "separated" yet married at the time of his

ORDER
C25-1751-JCC
PAGE - 1

death, that she had a community property interest in the policy, and that she never agreed to the designated beneficiary change. (*Id.* at 3.) Based on this, Protective began this interpleader action. (*Id.* at 3.)

As a preliminary matter, Protective moves to appoint a GAL for M.A.L. (Dkt. No. 6.) Where a minor is unrepresented, the Court must do so. Fed. R. Civ. P. 17(c)(2); *see also* Local Rule 17(c). Here, although according to the pleadings Ms. Vietzke appears to be M.A.L.'s parent and natural guardian, she allegedly made a claim to the death benefit on her own behalf, not M.A.L.'s. (*See* Dkt. No. 1 at 2–3.) The Court therefore finds that appointment of a GAL is appropriate. Further, Ms. Vietzke, who does not oppose Protective's motion, suggests that attorney Elena Garella be appointed as M.A.L.'s GAL. (Dkt. No. 10 at 2.) According to evidence proffered by Ms. Vietzke's counsel, Ms. Garella is admitted to the Western District of Washington and qualified as a Title 11 guardian *ad litem* in King County Superior Court. (Dkt. No. 11 at 5–6.) Protective, in turn, does not oppose Ms. Garella's appointment here. (Dkt No. 12 at 1–2.)

**Thus, the Court APPOINTS Ms. Garella as M.A.L.'s guardian *ad litem* in this matter. Ms. Garella shall be compensated from the insurance policy proceeds to be deposited into the Court's registry (per below).**

Protective also moves for leave to deposit the $500,000 death benefit with the Court's Registry. (Dkt. No. 7.) Protective's request is unopposed. According to the applicable rule(s), if "any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing." Fed. R. Civ. P. 67(a). Such funds, so deposited, "will be invested in the Court Registry Investment System (CRIS), an interest-bearing account in accordance with the guidelines set up by the Administrative Office of the Court and approved by the court." LCR 67(b).

**Accordingly, within 20 business days from today, Protective shall deposit into the**

Court's Registry the life insurance proceeds of Policy No. DX0100352 in the amount of $500,000 plus policy interest (if any). The Clerk is DIRECTED to deposit such funds into the Registry of the Court in the principal amount of $500,000 (plus accrued policy interest if any).

It is so ORDERED this 21st day of October 2025.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE