THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PROTECTIVE LIFE INSURANCE
COMPANY,

                Interpleader Plaintiff,

              v.

ERICA VIETZKE LANKFORD, *et al.*,

                Interpleader Defendants.

CASE NO. C25-1751-JCC

ORDER

This matter comes before the Court on Interpleader Plaintiff Protective Life Insurance Company's ("Protective") motion to discharge it of liability, enjoin Interpleader Defendants from further legal proceedings, dismiss Protective with prejudice, and award its attorney fees and costs (Dkt. No. 23).[1] Interpleader Defendants Erica Vietzke Lankford and minor M.A.L. (represented by a Guardian *ad litem*) oppose portions of the motion, namely, the breadth of liability discharge

---

[1] Because neither party presents the Court with evidence, (*see generally* Dkt. Nos. 23, 28, 29), the Court views Protective's motion as one seeking a judgment on the pleadings in accordance with Federal Rule of Civil Procedure 12(c). *See Tseng v. PeopleConnect, Inc.*, 665 F. Supp. 3d 1136, 1142 (N.D. Cal. 2023) (comparing a Rule 12(c) motion to a motion to dismiss and a Rule 56 motion). This rule allows for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). This occurs "once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005) (internal citations omitted).

ORDER
C25-1751-JCC
PAGE - 1

Protective seeks and the award of attorney fees and costs to it. (*See* Dkt. Nos. 28, 29). Having thoroughly considered the briefing and relevant record, the Court GRANTS Protective's motion (Dkt. No. 23) for the reasons explained herein.

## I.   BACKGROUND

According to Protective's complaint, John Lankford, passed away on or about January 22, 2025. (Dkt. No. 1 at 3.) At that time, Protective insured Mr. Lankford's life via a $500,000 death benefit policy. (*Id.* at 2.) Mr. Lankford obtained the policy in May 2021, designating his spouse, Erica Vietzke Lankford, as the primary beneficiary and his child, M.A.L., as contingent beneficiary. (*Id.*) Mr. Lankford changed the beneficiary designation in November 2024, naming as the primary beneficiary Ms. Vietzke, as *custodian* for M.A.L. (*Id.*) Protective acknowledged the change by mailing a confirmation to Mr. Lankford. (*Id.*) Mr. Lankford passed away shortly thereafter. (*Id.*)

After Mr. Lankford's death, Ms. Vietzke initiated a policy claim in her individual capacity. (*Id.* at 3.) In support, she submitted Mr. Lankford's death certificate, which lists his marital status as "separated." (*Id.*) Protective informed Ms. Vietzke that, at the time of Mr. Lankford's death, the designated beneficiary was Ms. Vietzke as custodian of minor M.A.L.— not her in her individual capacity. (*Id.*) Ms. Vietzke now asserts that any revision to the beneficiary designation needed her approval because she and Mr. Lankford were married at the time of his death and she thus maintained a community property interest in the Policy. (*See id.*)

In response, Protective initiated the instant action to resolve potentially conflicting claims to Mr. Lankford's death benefit. (*See generally id.*) The value of that benefit plus interest (approximately $530,000) sits in the Court's registry, pending resolution of this interpleader case. (*See generally* Dkt. No. 14.)

## II.   DISCUSSION

Rule 22 allows a party to file an interpleader action where it may be exposed to double or multiple liability. *See* Fed. R. Civ. P. 22. It allows "the stakeholder to 'protect itself against the

ORDER
C25-1751-JCC
PAGE - 2

problems posed by multiple claimants to a single fund.'" *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999); *see also Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). "In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992).

Rule 22 affords the same remedies as actions brought under its statutory counterpart, 28 U.S.C. § 1335. *See* Fed. R. Civ. P. 22(b). Thus, the Court has authority to enjoin interpleader defendant claimants from prosecuting any other claims against the plaintiff relating to the benefit under the insurance policy at issue. *See* 28 U.S.C. § 2361. To do so, whether the action is brought under Rule 22 or § 1335, the Court first determines whether there is a single fund as to which two or more adverse claims are asserted. *See Mack*, 619 F.3d 1010 at 1023. It next determines which claim is valid. *Id.* Here there is no dispute as to the first requirement. (*See generally* Dkt. Nos. 23, 28, 29, 30.) Thus, Protective is entitled to a discharge. Although the parties disagree over its scope, along with an award of attorney fees to Protective. (*See generally id.*)

Again, Protective seeks an order dismissing it from this action with prejudice <u>and</u> discharging it from "any further liability relative to" the Policy or Mr. Lankford's death benefit. (*See* Dkt. No. 23-1 at 1–2.) Protective also requests that the Court enjoin Interpleader Defendants "from instituting or prosecuting any other proceeding, arbitration, or lawsuit against Protective relative to the Policy and/or the Policy Proceeds." (*Id.* at 2.) Interpleader Defendants object to the proposed language as overbroad. (*See generally* Dkt. Nos. 28, 29.) Instead, they ask that the enjoinment and discharge of liability be limited to "any further liability or involvement regarding the identity of the person(s) ultimately entitled to the $530,636.47 (the 'Policy Proceeds')." (*See* Dkt. Nos. 28 at 3, 29 at 4.) They say that Protective should not be discharged from potential

ORDER
C25-1751-JCC
PAGE - 3

liability for hypothetical or unknown extra-contractual claims.[2] (*See id.*)

Unpleaded hypothetical counterclaims are insufficient for this Court to deny Protective the relief it now seeks. *See Steadfast Ins. Co. v. Valley Forge Ins. Co.*, 2005 WL 8172271, slip op. at 2 (W.D. Wash. 2005) (discharging stakeholder from interpleader action where the defendants contested discharge based on *unraised* extra-contractual claims unrelated to the interpleaded funds). Admittedly, the Ninth Circuit recognizes that interpleader actions do not "shield the stakeholder from tort liability, nor from liability in excess of the stake" but only where interpleader defendants *affirmatively assert* counterclaims for the supposed harms. *See Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1011 (9th Cir. 2012) (citing *State Farm v. Tashire*, 386 U.S. 523, 535 (1967)). And here, they assert no such thing.[3] (*See generally* Dkt. Nos. 20, 21.) Therefore, Protective is entitled to the full release that it seeks.

Protective also asks for its attorney fees and costs. (*See* Dkt. No. 23 at 8–12.) The Ninth Circuit recognizes that a plaintiff "in an action in the nature of interpleader . . . should be awarded attorney fees for the services of his attorneys in interpleading." *Schrimer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 194 (9th Cir. 1962). And that "[g]enerally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984). To do so, the Court determines whether the requested number of hours is the same number of hours that reasonably competent counsel would bill and then determines if the requested hourly rate is

---

[2] In opposing the instant motion, Ms. Vietzke suggests that Protective could be liable for negligence in handling Mr. Lankford's online beneficiary designation revision. (*See* Dkt. No. 28 at 2.) But she also acknowledges that any such claim is "currently unknown and/or hypothetical." (*Id.*) Likewise in their opposition brief, Interpleader Defendant M.A.L. suggests Protective could be liable to her for negligence (*See* Dkt. No. 29 at 3), but states in their Answer that "if such claims exist, they are not known to M.A.L.'s Guardian ad litem." (Dkt. No. 20 at 3.)

[3] If Interpleader Defendants wanted to preserve extra-contractual claims, the appropriate avenue to do so would have been through (a) filing counterclaims in the first place; or, (b) seeking leave to amend their Answer(s) to assert extra-contractual counterclaims—not through argument in an opposition brief to a Rule 12(c) motion.

ORDER
C25-1751-JCC
PAGE - 4

reasonable. *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1169 (N.D. Cal. 2004).

Here, Protective seeks $608 in costs and $8,619.44 in attorney fees for 27.4 hours of work, excluding the preparation of its reply brief in support of the instant motion (totaling $9,227.44). (Dkt. No. 23 at 10.) Three different lawyers worked on this matter, with hourly rates ranging from $250.75 to $450. (*See* Dkt. No. 24 at 2–3.) The time spent was reasonable. It is comprised of hours needed to initiate this action, communicate with and attempt service on the parties, communicate with the parties in hopes of avoiding contested motion practice and, finally, prepare and serve the instant motion. (*See id.* at 1–3) Similarly, the hourly rates are reasonable. They are well within the range of rates charged by comparable professionals for such work in the Seattle area. *See, e.g.*, *Sun Life Assur. Co. of Canada v. O'Connor*, 2017 WL 1479470, slip op. at 1 (W.D. Wash. 2017) (Court's prior finding that hourly rates ranging from $285–$390 in an interpleader action reasonable). Therefore, the requested attorney fees and costs are reasonable.

## III.    CONCLUSION

For the foregoing reasons, Protective's motion for discharge of liability, dismissal with prejudice, and attorney fees and costs (Dkt. No. 23) is GRANTED. Protective is DISMISSED from this action with prejudice and discharged from all further liability relative to the policy and it proceeds. Further, Intervenor Defendants are enjoined from instituting or prosecuting any other proceeding, arbitration, or lawsuit against Protective relative to the policy and/or the policy proceeds. This applies to Intervenor Defendants, their beneficiaries, heirs, agents, attorneys, assigns, and any other parties in privity with them. Protective is also awarded $9,227.44 in attorney fees and costs.

//

//

//

//

ORDER
C25-1751-JCC
PAGE - 5

DATED this 13th day of April 2026.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-1751-JCC
PAGE - 6